■ In the Matter of PETER CANTONE, Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [734 NYS2d 362] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a municipal water treatment plant operator, tripped and fell, causing a serious knee injury, as he stepped over some spools of wire in order to manually close a valve to a 24-inch water pipe. Finding that petitioner was aware of the spools of wire and that he had elected to step over them "rather than being more careful in stepping around them, or taking some other course to avoid [them]," respondent concluded that petitioner had not sustained an accident within the meaning of Retirement and Social Security Law § 63. We agree with petitioner that the determination must be annulled.

Petitioner testified that his duties included the back washing of certain filters, which was normally accomplished by pushing buttons that automatically opened or closed the necessary valves. On the day he was injured, petitioner began the back washing of one of the filters in the normal manner, but when the operation was completed, a valve did not automatically close. As a result, water continued to pour out of the facility into a lagoon instead of into a storage tank and poisonous chlorine gas began to escape into the pump room. Faced with what he reasonably perceived as an emergency, petitioner immediately proceeded to the manual shutoff valve located under a stairway in the pump room. Access to the area under the stairway was blocked by numerous spools of wire that were stacked two, three and four high. The wire was being used in an ongoing construction project to expand the capacity of the facility and the spools were apparently placed there by the contractor. As petitioner stepped over the spools to gain access to the area under the stairway where the valve was located, his foot caught on one of them, causing him to fall onto his knee. He was nevertheless able to shut off the water before the storage tank was depleted and before the chlorine in the pump room rose to a life-threatening level.

Implicit in respondent's factual findings are the assumptions that petitioner could have stepped around the spools of wire to gain access under the stairwell and that he had time to pursue some course other than the one he pursued. There is, however, no evidence in the record to support either assumption. Petitioner, the only witness who testified about the occurrence, testified that the only means of access was to go over the spools, and his testimony regarding the nature of the emergency created by the stuck valve demonstrated that time was of the essence. Respondent's unwarranted and speculative attempt to second guess the manner in which petitioner responded to the emergency cannot, in these circumstances, be determinative of the issue of whether petitioner sustained an accident.

Although the valve had apparently stuck open on a few prior occasions and was scheduled to be replaced, petitioner had not previously experienced the problem and there is nothing in the record to demonstrate that the problem was routine. Accordingly, petitioner was confronted with the sudden and unexpected need to gain immediate access to the area under the stairwell while that access was hindered by spools of wire which were totally unrelated to petitioner's employment, and there is no evidence that the area under the stairwell was routinely accessed or traversed by petitioner or anyone else. In these circumstances, we agree with petitioner that his fall while attempting to step over the spools was the type of sudden, fortuitous event, unexpected, out of the ordinary and injurious in impact that constituted an accident (*see, Matter of Starnella v Bratton*, 92 NY2d 836; *Matter of Pratt v Regan*, 68 NY2d 746; *Matter of Leuenberger v McCall*, 235 AD2d 906; *Matter of Balduzzi v McCall*, 220 AD2d 796; *Matter of Sullivan v Regan*, 133 AD2d 993). There is no merit in respondent's attempt to equate this case to those involving a misstep on a stairway (*see, e.g., Matter of Mariuz v McCall*, 282 AD2d 918, *lv denied* 96 NY2d 720) or a fall caused by an ordinarily anticipated condition in an area readily accessible in the performance of routine duties (*see, e.g., Matter of Tuper v McCall*, 259 AD2d 941).

Cardona, P. J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.