■ In the Matter of GORDON A. AVERY, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [764 NYS2d 658] —Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a code enforcement officer for the Village of Rye Brook in Westchester County, was injured in August 2000 while accompanying the building inspector to the site of an oil tank installation. While descending a set of stairs composed of railroad ties, he slipped on an oily substance and fell, hitting his right elbow. Thereafter, he filed an application for accidental disability retirement benefits. Following the denial of

his application, petitioner requested a hearing and redetermination. The Hearing Officer also denied the application, finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent agreed with the Hearing Officer's findings in this regard and this CPLR article 78 proceeding ensued.

We confirm. An injury is considered accidental under the Retirement and Social Security Law if it results from "a 'sudden, fortuitous mischance, unexpected, out of the ordinary and injurious in impact' " (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982], quoting *Johnson Corp. v Indemnity Ins. Co. of N. Am.*, 6 AD2d 97, 100 [1958], *affd* 7 NY2d 222 [1959]; *see Matter of Rutledge v New York State & Local Empls. Retirement Sys.*, 302 AD2d 731, 732 [2003]). However, " 'an injury that occurs without an unexpected event, as the result of activity undertaken in the performance of ordinary employment duties (considered in view of the particular employment in question) is not an accidental injury' " (*Matter of Tuper v McCall*, 259 AD2d 941, 941 [1999], quoting *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]; *see Matter of Jonigan v McCall*, 291 AD2d 766, 766 [2002]). "Petitioner bears the burden to prove that [the] injury was accidental and [respondent's] determination as to the cause of an injury will be upheld if supported by substantial evidence" (*Matter of Forlano v McCall*, 304 AD2d 970, 971 [2003] [citations omitted]).

Here, petitioner testified, consistent with the accident report, that while descending the stairs with the building inspector, he slipped and fell. He stated that although the building inspector warned that the stairs were slippery, he did not see the oily substance on the stairs until after his fall. He further indicated that, in performing his duties, he was frequently in areas where there were slippery surfaces and that he always wore rubber soled shoes. He also stated that he had visited the site in question on a prior occasion. Inasmuch as the circumstances suggest that the hazard presented was one that petitioner could have reasonably anticipated, even if he did not actually see it until after his fall, we find that substantial evidence supports respondent's determination (*see Matter of Jonigan v McCall, supra* at 767).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.