In the Matter of THEODORE TOMITA, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [886 NYS2d 250]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police lieutenant employed by the City of Newburgh Police Department in Orange County, tripped on a curb in the department's unlit parking lot and allegedly sustained disabling injuries. The incident occurred at ap-

---

proximately 5:15 A.M. on October 26, 2004, immediately after petitioner parked his patrol car and prepared to go off-duty following an overnight shift. Although his initial application for accidental disability retirement benefits* was denied, petitioner requested a redetermination and a hearing was held. A Hearing Officer subsequently determined that the incident qualified as an accident within the meaning of Retirement and Social Security Law § 363. Upon review, respondent reversed that determination and denied petitioner's application, prompting this CPLR article 78 proceeding.

We confirm. An accident within the meaning of Retirement and Social Security Law § 363 "is a sudden and extraordinary event that does not result from an activity performed in the course of ordinary employment duties" (*Matter of Dooley v McCall*, 252 AD2d 724, 724 [1998]). Petitioner bears the burden of proving that his injuries were accidental and respondent's determination in that regard will be upheld if it is supported by substantial evidence (*see Matter of Brennan v New York State & Local Empls. Retirement Sys.*, 50 AD3d 1374, 1375 [2008]; *Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]).

Petitioner had just concluded a routine patrol and was on his way into the public safety building when he "either caught the curb or missed the curb of the sidewalk and fell onto the sidewalk." He asserts that the incident qualifies as an accident because the streetlights that normally illuminated the parking lot were out, rendering the premises "pitch black." He testified, however, that he was familiar with the parking lot, had been parking there since 1975 and that "sometimes [the lights] were on and sometimes they weren't." Under such circumstances, "the hazard presented was one that petitioner could have reasonably anticipated" (*Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]; *see Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]), and the determination that petitioner was injured as a result of his own misstep is supported by substantial evidence (*see Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]).

Rose, J.P., Kane, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner's contemporaneous application for performance of duty disability retirement benefits is not a subject of this proceeding.