In the Matter of TIMOTHY P. NAPOLI, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [891 NYS2d 702]—

Cardona, P.J.

Petitioner retired from his position as a detective specializing in crime scene investigation for the City of Newburgh Police Department in November 2007. Earlier that year, petitioner applied for accidental disability retirement benefits alleging that he was permanently disabled as the result of an incident that occurred in 1997 when he fell from an eight-foot-high ledge while processing latent fingerprints outside a second-story window of a home that had just been burglarized. After his application was disapproved, he requested a hearing and redetermination. Following the hearing, a Hearing Officer concluded that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and denied petitioner's application. Respondent accepted the Hearing Officer's findings of fact and conclusions of law, prompting this CPLR article 78 proceeding.

We confirm. A "[p]etitioner bears the burden of proving that his [or her] injury was accidental and [respondent's] determination in that regard will be upheld if supported by substantial evidence" (*Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]). Moreover, "[a]n accident within the meaning of the Retirement and Social Security Law is a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]), and "injuries that arise out of an employee's own misstep or inattention will not merit an accidental disability determination" (*Matter of Magrino v DiNapoli*, 64 AD3d 868, 869 [2009]).

Here, petitioner testified that his job duties included investigating, searching for, documenting, protecting and evaluating evidence. To that extent, in addition to dusting the window for fingerprints, petitioner was on the ledge looking for any evidence that the burglar may have left behind, such as tools, cigarettes, gum, footprints, hair or other DNA evidence. Petitioner described the ledge—which he had been on for approximately 10 minutes prior to his fall—as three feet wide, easily accessible from the back of the house and covered in a tar-like, rubbery substance. Despite realizing after he fell that there was moisture on the surface of the ledge where he slipped, petitioner also testified that the incident occurred on a warm, sunny day and the ledge appeared to be dry as he was moving across it. Accordingly, inasmuch as the foregoing suggests the inference that petitioner's injuries were the result of his own misstep or inattention while he was engaged in the performance of his ordinary employment duties, respondent's decision is supported by substantial evidence and we decline to disturb it (*see id.*).

Rose, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.