■ In the Matter of DANIEL J. WALSH, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [918 NYS2d 255]—

Spain, J.

Petitioner, a field supervisor for the Port Authority of New York and New Jersey, was injured in August 2006 while attempting to move a fire recovery machine system. Following the denial of his application for accidental disability retirement benefits, petitioner sought a hearing and redetermination. The Hearing Officer thereafter denied petitioner's application, finding that the August 2006 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Respondent Comptroller upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

As the applicant, petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and the Comptroller's determination, if supported by substantial evidence in the record as a whole, will be upheld (see Matter of Carducci v DiNapoli, 77 AD3d 1052 [2010]; Matter of Napoli v DiNapoli, 68 AD3d 1616 [2009]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]), and where "the hazard presented was one that [the] petitioner could have reasonably anticipated, even if he [or she] did not actually see it until after his [or her] fall," is not an accidental injury (Matter of Avery v McCall, 308 AD2d 677, 678 [2003]; see Matter of O'Brien v New York State Comptroller, 56 AD3d 937, 938 [2008], lv denied 12 NY3d 708 [2009]).

Here, petitioner testified that as he was walking backwards, slowly rolling the 450-pound fire recovery machine system down a slight decline, he stepped in a pothole located near an expansion joint in the floor with his right foot, causing him to lose his balance, and grabbed onto the machine for support. Petitioner acknowledged that he had been involved in the testing of the fire recovery machine system at least every other month for a period of 15 years and, further, that potholes had developed around expansion joints in the past. Although petitioner testified at the hearing that the wheels on the machine caught on the pothole, causing the machine to stop, topple and pin him against a wall, the incident report completed that same day makes no mention of the wheels catching on the depression in the pavement.* "It is well settled that any apparent inconsistency between a petitioner's sworn testimony and written documents presents a credibility issue for resolution by the finder of fact" (*Matter of Hamilton v Hevesi*, 28 AD3d 965, 966 [2006] [citations omitted]; *see Matter of Rutledge v New York State & Local Employees' Retirement Sys.*, 302 AD2d 731, 732 [2003]; *Matter of Slagle v McCall*, 293 AD2d 923, 924 [2002]). As the report contains a description of the incident from which the Comptroller could reasonably infer that it was petitioner's own misstep, coupled with his decision to hang onto the machine, that caused the machine to topple, we cannot say that the Comptroller's determination is not supported by substantial evidence (*see Matter of O'Brien v New York State Comptroller*, 56 AD3d at 938; *Matter of Hamilton v Hevesi*, 28 AD3d at 965-966; *Matter of Rutledge v New York State & Local Employees' Retirement Sys.*, 302 AD2d at 732).

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

___

* Petitioner's supervisor completed this report based upon petitioner's description of the incident using "[petitioner's] words as if he wrote them."