■ In the Matter of STANLEY W. BLEEKER, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [923 NYS2d 788]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination by respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a police lieutenant employed by the Port Authority of New York and New Jersey. In February 2005, petitioner responded to a report of a motor vehicle accident and was injured when he slipped on a combination of ice and transmission fluid. His subsequent application for accidental disability retirement benefits was denied on the ground that the incident that caused his injury was not an accident within the meaning of Retirement and Social Security Law § 363. Following a request for a redetermination, a hearing was held and the Hearing Officer denied the application on the same ground. Respondent Comptroller subsequently adopted that decision, prompting this CPLR article 78 proceeding.

We confirm. Petitioner bore the burden of proving entitlement to accidental disability retirement benefits and the Comptroller's determination will be upheld if supported by substantial evidence (*see Matter of Napoli v DiNapoli*, 68 AD3d 1616, 1616 [2009]). "An accident within the meaning of the Retirement and Social Security Law is a sudden and extraordi-

nary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003] [citation omitted]; *accord Matter of Napoli v DiNapoli*, 68 AD3d at 1616). Further, where "the hazard presented was one that [the] petitioner could have reasonably anticipated, even if he [or she] did not actually see it until after [sustaining his or her injury]," it is not an accidental injury (*Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]; *see Matter of Tomita v DiNapoli*, 66 AD3d 1071, 1072 [2009]).

Here, petitioner testified that responding to vehicle accidents was one of his assigned job duties. According to petitioner, as he approached the accident scene, he noted that there was debris on the road and smoke or steam was emanating from the vehicle. As he was attempting to open the vehicle's front passenger door, petitioner slipped on ice and transmission fluid that was on top of the ice, having apparently leaked out of the vehicle's engine. Petitioner testified that, although he was aware that the road was icy, he did not see the transmission fluid on the road as he approached the vehicle. While petitioner may not have seen the transmission fluid, he did testify that it is not unusual for fluids to leak from a vehicle that had been involved in an accident. In our view, substantial evidence supports the Comptroller's determination that petitioner was engaged in one of his ordinary job duties and that the hazard presented, transmission fluid leaking onto the ice-covered road, could have been reasonably anticipated, even if petitioner did not actually see the fluid until after he slipped (*see Matter of Carducci v DiNapoli*, 77 AD3d 1052, 1053 [2010]; *Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Avery v McCall*, 308 AD2d at 678). Accordingly, the Comptroller's determination that petitioner did not suffer an accident within the meaning of the Retirement and Social Security Law will not be disturbed.

Spain, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.