██ In the Matter of Louis J. Ruggiero, Petitioner, v Thomas P. DiNapoli, as State Comptroller, Respondent. [924 NYS2d 221]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police sergeant, was injured in April 2007 when he slipped and fell in the parking lot at his place of employment. Petitioner's subsequent application for accidental disability retirement benefits was denied upon the ground that the April 2007 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363.* Following a hearing and redetermination, a Hearing Officer reached the same conclusion. Respondent thereafter upheld the Hearing Officer's decision, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.

---

* Petitioner also filed an application for performance of duty disability retirement benefits, which was approved in July 2009.

We confirm. As the applicant, petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and respondent's determination on this point, if supported by substantial evidence in the record as a whole, will be upheld (*see Matter of Carducci v DiNapoli*, 77 AD3d 1052, 1052 [2010]; *Matter of Confreda v New York State Comptroller*, 56 AD3d 938, 939 [2008], *lv denied* 12 NY3d 708 [2009]; *Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]). To that end, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of Campbell v DiNapoli*, 56 AD3d 940, 941 [2008] [internal quotation marks and citations omitted]; *see Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008]; *Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]).

Here, the testimony at the hearing established that as petitioner was walking to his patrol vehicle, he slipped and fell on a patch of snow-covered ice that had accumulated in the parking lot. Although petitioner testified that he was not aware of the ice prior to his fall, he also acknowledged that it had snowed the night before, that he observed snow on the ground prior to his fall and that the parking lot had iced over in the past. Under these circumstances, the icy condition presented a hazard that petitioner reasonably could have anticipated (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]; *Matter of Tomita v DiNapoli*, 66 AD3d 1071, 1072 [2009]; *see also Matter of Hardy v DiNapoli*, 82 AD3d 1490, 1491 [2011])— even if he did not actually see it prior to his fall (*see Matter of O'Brien v New York State Comptroller*, 56 AD3d at 938; *Matter of Melendez v New York State Comptroller*, 54 AD3d 1128, 1129-1130 [2008], *lv denied* 12 NY3d 706 [2009]; *Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d at 1116).

Peters, J.P., Spain, Rose and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.