■ In the Matter of RONALD GREGG, Petitioner, v THOMAS P. DiNAPOLI, as New York State Comptroller, et al., Respondents.
[927 NYS2d 457]—

Rose, J.

Petitioner, an Administrative Law Judge for a state agency, sustained injuries when he attempted to retrieve a case file from a box of files he had stacked in his office. Respondent Comptroller denied petitioner's subsequent application for accidental disability retirement benefits on the ground that petitioner's disability was not the result of an accident within the meaning of Retirement and Social Security Law § 63. Petitioner then commenced this CPLR article 78 proceeding seeking to annul that determination.

Petitioner bore the burden of proving that his injury was accidental, and the Comptroller's determination will be upheld if it is supported by substantial evidence (see Matter of Walsh v New York State & Local Retirement Sys., 82 AD3d 1341, 1341 [2011]; Matter of Sinclair v New York State & Local Retirement Sys., 42 AD3d 595, 596 [2007]). For purposes of Retirement and Social Security Law § 63, an injury will be considered accidental if it is the result of a " 'sudden, fortuitous mischance [which is] unexpected [and] out of the ordinary' " (Matter of Kempkes v DiNapoli, 81 AD3d 1071, 1072 [2011], quoting Matter of Hulse v DiNapoli, 70 AD3d 1235, 1236 [2010]). "[A]n injury which oc-

curs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]; *see Matter of Conkling v Hevesi*, 42 AD3d 630, 631 [2007]).

Here, petitioner testified that he was doing research in preparation for a hearing when he determined that he needed a file located in a stack of boxes that he had placed in his office. Not able to find a maintenance worker to help him lift or move the boxes, petitioner attempted to get the file himself by pulling on the second box from the top of a stack of seven boxes without first removing the box on top of it. The top box started to fall and, as petitioner attempted to catch it, he wrenched his back, lost his balance and stumbled backwards, hitting his desk and injuring himself.

Despite petitioner's claim that it was not his job to move file boxes, substantial evidence supports the finding that the research he was conducting was part of his ordinary employment duties and that it was not normal for maintenance workers to retrieve files for the judges (*see e.g. Matter of Woodward v McCall*, 300 AD2d 978, 979 [2002]; *compare Matter of Brown v Hevesi*, 19 AD3d 858, 859 [2005]). Substantial evidence also supports the finding that petitioner's injury was not the result of an unexpected event, as he arranged his boxes in stacks and decided to pull the needed box out without first removing the top box (*see Matter of Walsh v New York State & Local Retirement Sys.*, 82 AD3d at 1342; *Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]; *Matter of Cadiz v McCall*, 236 AD2d 766, 766 [1997]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.