In the Matter of BRIAN P. TIERNEY, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [933 NYS2d 772]—

Lahtinen, J.

Petitioner, a police lieutenant with the Port Authority of New York and New Jersey, sustained a knee injury on May 1, 2006 when he slipped on discarded food while stepping out of an office building where he routinely worked and down a step to a parking lot. Petitioner testified that he did not observe food at such location when he entered earlier in the day. He stated that he could not see it while exiting because it was located down a step and within about one inch of the door. Following the denial of his application for accidental disability retirement benefits, petitioner sought a hearing and redetermination. The Hearing Officer thereafter denied petitioner's application, finding that the May 2006 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Relying on a report prepared by petitioner indicating that the discarded food was near a waste can, the Hearing Officer determined that petitioner "had to see foreign objects on these steps on prior occasions," thus "foreign objects on the steps was foreseeable." Respondent Comptroller adopted the Hearing Officer's decision and denied the application, prompting the commencement of this CPLR article 78 proceeding challenging that determination.

"As the applicant, petitioner bore the burden of demonstrating his entitlement to accidental disability retirement benefits, and the Comptroller's determination, if supported by substantial evidence in the record as a whole, will be upheld" (*Matter of Walsh v New York State & Local Retirement Sys.*, 82 AD3d 1341, 1341 [2011] [citations omitted]). "An accident in this context is a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of O'Neill v DiNapoli*, 83 AD3d 1280, 1280-1281 [2011] [internal quotation marks and citation omitted]). Although benefits may thus be denied "where 'the hazard presented was one that the petitioner could have reasonably anticipated, even if he or she did not actually see it until after his or her fall' " (*Matter of Walsh v New York State & Local Retirement Sys.*, 82 AD3d at 1342, quoting *Matter of Avery v McCall*, 308 AD2d 677, 678 [2003]), a denial upon such ground must be supported by the record and not rest merely

upon speculation (*see Matter of Cantone v McCall*, 289 AD2d 863, 864 [2001]; *cf. Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011] [although the petitioner was not aware of ice prior to fall, he observed snow on ground and acknowledged parking lot iced over in past]; *Matter of Bleeker v New York State Comptroller*, 84 AD3d 1683, 1684 [2011], *lv denied* 17 NY3d 709 [2011] [although the petitioner did not see transmission fluid upon which he slipped, he admitted that it was not unusual to have fluid leaks following a vehicle accident]).

Here, the Hearing Officer found that the presence of a waste can in the vicinity created a situation where petitioner had to have actually seen debris on prior occasions and, thus, the accident could have reasonably been anticipated. The only reference to the waste can is in petitioner's report. He was not asked about it during his testimony, there was no indication as to how long it had been at the location, and there was no proof whether debris had been observed on earlier occasions in the vicinity. The conclusion that petitioner actually saw debris on prior dates, based solely on the presence for an unknown amount of time of a waste can in the vicinity, is speculative and unsupported by substantial evidence in this record.

Rose, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.