In the Matter of ROSEANNE MARTIN, Petitioner, v KEVIN MURRAY, as Deputy State Comptroller, Respondent. [943 NYS2d 805]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a charge nurse for the Westchester Medical Center, was injured in November 2008 when, at the request of a nursing home resident, she stepped behind a chair to change the station on a radio and tripped and fell when the cord from a window blind became wrapped around her ankle. As a result of the fall, petitioner sustained injuries to her back, right arm and right shoulder which led to her application for accidental disability retirement benefits. The application was ultimately denied by the Comptroller, with a determination that the November 2008 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination, and we now confirm.

Petitioner bears the burden of establishing entitlement to accidental disability retirement benefits by demonstrating that her injuries were caused by " 'a sudden and extraordinary event that [was] unrelated to the ordinary risks of [her] employment' " (*Matter of Chilelli v DiNapoli*, 91 AD3d 1098, 1098 [2012], quoting *Matter of Bleeker v New York State Comptroller*, 84 AD3d 1683, 1683-1684 [2011], *lv denied* 17 NY3d 709 [2011]; *see Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011]). Benefits may be denied where the hazard causing the incident was one that could have been reasonably anticipated, even though the petitioner did not actually see it until after the fall (*see Matter of Tierney v New York State Comptroller*, 90 AD3d 1215, 1215-1216 [2011]; *Matter of Walsh v New York State & Local Retirement Sys.*, 82 AD3d 1341, 1341 [2011]). Here, petitioner testified that, as part of her duties, she routinely checked for hazards on the floor, and if she had seen a blind cord that was too long, she would have picked it up and placed it on the window sill. In addition, petitioner testified that, although she did not notice the cord on which she tripped on the day of the accident, she had likely operated that

blind previously. Accordingly, we decline to disturb the Comptroller's finding that the hazard posed by the lengthy cord was one that could have been reasonably anticipated and, thus, we find the determination to be supported by substantial evidence (*see Matter of Batista v New York State Comptroller*, 56 AD3d 927, 928 [2008], *lv denied* 12 NY3d 708 [2009]).

Lahtinen, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.