■ In the Matter of MICHAEL M. SAMMON, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [948 NYS2d 719]—

Malone Jr., J.

Petitioner, a 14-year veteran of the fire department in the City of Yonkers, Westchester County, was injured in August 2008 when, while exiting the fire truck to address an automobile fire, his foot gave way on a slippery spot on the ground and he fell. After the resulting injuries to his back and foot rendered him unable to continue with his employment, petitioner filed applications for performance of duty and accidental disability retirement benefits. Petitioner was granted performance of duty disability benefits but, following a hearing on whether the incident constituted an accident, his application for accidental disability retirement benefits was ultimately denied by respondent. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge that determination.

We annul. To qualify as an accident within the meaning of Retirement and Social Security Law § 363, the "cause of the injury must be a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of O'Brien v*

*New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009] [internal quotation marks and citations omitted]), and the burden rests on the petitioner to demonstrate that the injury was accidental (*see Matter of Stone v New York State Comptroller*, 90 AD3d 1377, 1378 [2011], *lv denied* 18 NY3d 810 [2012]; *Matter of Gregg v DiNapoli*, 86 AD3d 850, 850 [2011]). With regard to slip and fall incidents, the question of whether an accident occurred turns on whether the condition that caused the slip could have been "reasonably anticipated" (*Matter of Murphy v New York State Comptroller*, 92 AD3d 1022, 1023 [2012]; *see Matter of Randolph v DiNapoli*, 85 AD3d 1288, 1289 [2011]).

Here, both petitioner and his coworker testified that the spot on the ground on which petitioner slipped was an unknown substance that blended in with the roadway and was, thus, undetectable. Given that this event occurred during the summer and there is no indication that there was inclement weather, we cannot agree with respondent that the fact that sometimes slippery surfaces exist in public roadways is alone enough to conclude that petitioner should have reasonably anticipated the spot on which he slipped (*see Matter of Pratt v Regan*, 68 NY2d 746, 747-748 [1986]; *Matter of Murphy v New York State Comptroller*, 92 AD3d at 1023; *Matter of Tierney v New York State Comptroller*, 90 AD3d 1215, 1216 [2011]; *compare Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011] [although the petitioner was not aware of ice prior to fall, he observed snow on ground and acknowledged parking lot iced over in past]; *Matter of Avery v McCall*, 308 AD2d 677, 678 [2003] [while the petitioner did not see oily substance on stairs, building inspector warned him just prior to fall that stairs were slippery]). Accordingly, we do not find respondent's determination to be supported by substantial evidence.

Rose, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.