■ In the Matter of GEORGE R. BUTRICO, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [949 NYS2d 239]—

Stein, J.

Petitioner, a police officer for the Port Authority of New York and New Jersey, applied for accidental disability retirement benefits claiming that he is permanently incapacitated as the result of a work-related injury to his right knee. According to petitioner, at the beginning of the patrol portion of his shift on the morning of January 10, 2009, he randomly chose a patrol car from his work parking lot and proceeded to inspect the exterior of the vehicle for damage. As he stepped into the driver's side of the vehicle, his right foot slid into a large tear in the rubber floor mat and got caught, causing him to lose his balance and fall forward, badly twisting his knee. According to petitioner, he did not notice the defective condition prior to stepping down on the mat and had never seen similar damage to the floor mats in any other patrol vehicles he had driven.

Petitioner's application was initially denied and he sought a hearing and redetermination. Following that hearing, the Hearing Officer concluded that the above incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent Comptroller accepted the determination of the Hearing Officer and denied the application, prompting the commencement of this CPLR article 78 proceeding.

We confirm. "Petitioner bore the burden of proving entitlement to accidental disability retirement benefits and the Comptroller's determination will be upheld if supported by substantial evidence" (*Matter of Bleeker v New York State Comptroller*, 84 AD3d 1683, 1683 [2011], *lv denied* 17 NY3d 709 [2011] [citation omitted]). "An accident within the meaning of Retirement and Social Security Law § 363 'is a sudden and extraordinary event that does not result from an activity performed in the course of ordinary employment duties' " (*Matter of Tomita v DiNapoli*, 66 AD3d 1071, 1072 [2009], quoting *Matter of Dooley v McCall*, 252 AD2d 724, 724 [1998]; *see Matter of Tierney v New York State Comptroller*, 90 AD3d 1215, 1215 [2011]). Even if petitioner did not actually see the hazard until after his fall, benefits may "be denied where the hazard presented was one that the petitioner could have reasonably anticipated" (*Matter of Tierney v New York State Comptroller*, 90 AD3d at 1215 [internal quotation marks and citations omitted]; *see Matter of Bleeker v New York State Comptroller*, 84 AD3d at 1684).

Here, the application was denied on the basis that the defective condition of the floor mat was a foreseeable hazard that petitioner could have avoided had he inspected the interior of the vehicle. The injury report signed by petitioner's supervisor indicates that the torn floor mat should have been discovered by petitioner by means of an inspection of the vehicle at the beginning of his "tour." Given that the hazard could have been reasonably anticipated through visual inspection, the Comptroller's determination is supported by substantial evidence in the record, and we decline to disturb it.

Mercure, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.