In the Matter of LAURIE D. LUNDQUIST, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [967 NYS2d 154]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner was a social worker for the New York State Office of Children and Family Services. During the course of her employment duties on January 28, 2009, she was walking to her car when she slipped on ice in the parking lot that was covered by three inches of snow. She subsequently applied for disability retirement benefits under Retirement and Social Security Law article 15. A Hearing Officer determined that petitioner was entitled to receive such benefits, finding that the event in question constituted an accident within the meaning of the Retirement and Social Security Law. Respondent thereafter reversed this determination and denied petitioner's application, prompting this CPLR article 78 proceeding.

We confirm. "The party seeking disability retirement benefits bears the burden of demonstrating that the incident causing his or her injury was an accident, which has been defined for disability purposes as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Smith v New York State & Local Retirement Sys.*, 103 AD3d 966, 966-967 [2013] [internal quotation marks and citations omitted]). An incident does not qualify as an accident, however, "where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004], *lv dismissed* 5 NY3d 749 [2005]; *accord Matter of Messina v New York State & Local Employees' Retirement Sys.*, 102 AD3d 1068, 1068 [2013], *lv denied* 21 NY3d 855 [2013]).

Here, petitioner testified that she could not remember if there was snow or ice on the ground when she parked her car on the morning of the day of her injury, but she later observed that three inches of snow had fallen during the day and she believed that it was still snowing when she walked to her car. As she attempted to get into her car, her foot slipped on ice that was

underneath the snow. Although petitioner testified that she was unaware of the ice under the snow, there is substantial evidence in the record that she could and should have reasonably anticipated the hazard, given her awareness of the inclement weather conditions that day. Accordingly, respondent's determination will not be disturbed (*see Matter of Messina v New York State & Local Employees' Retirement Sys.*, 102 AD3d at 1069; *Matter of Conroy v Murray*, 102 AD3d 1074, 1075 [2013]; *Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011]).

Stein, J.P., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.