Stein, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner’s application for disability retirement benefits.
Petitioner, a cleaner formerly employed by the State University of New York at Buffalo, claimed that she was injured in April 2009 when a wheeled recycling bin she was attempting to move out of the way so that she could sweep the floor tipped over and pinned her to the ground. According to petitioner, the two bins she had moved earlier had been empty and, therefore, she was unprepared for the weight of the third bin, which was apparently filled with heavy text books. Petitioner testified that she was trapped under the bin for approximately 30 minutes *1438 until someone came to her aid. As a result of her injuries, petitioner subsequently applied for disability retirement benefits under Retirement and Social Security Law article 15. The application was ultimately denied by the Comptroller on the basis that the April 2009 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 605.[1] Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination.
We confirm. “The party seeking disability retirement benefits bears the burden of demonstrating that the incident causing his or her injury was an accident, which has been defined for disability purposes as a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact” (Matter of Smith v New York State & Local Retirement Sys., 103 AD3d 966, 966-967 [2013] [internal quotation marks and citations omitted]). Significantly, “an injury is not accidental in nature if it occurs as the result of an applicant’s routine employment duties and does not involve an unexpected event” (Matter of Cirrone v DiNapoli, 80 AD3d 1069, 1070 [2011]; see Matter of Smith v New York State & Local Retirement Sys., 103 AD3d at 967). Here, petitioner’s job description specifically states that she was required to clean floors and move “furniture and equipment in connection with cleaning and care functions.”[2] Notably, the Comptroller adopted the Hearing Officer’s finding that, had petitioner “opened the lid of the bin in question [to examine its contents,] the bin would not have fallen on her resulting in an apparent injury.” Inasmuch as the hazard presented by an excessively heavy bin “could have been reasonably anticipated through visual inspection, the Comptroller’s determination is supported by substantial evidence in the record, and we decline to disturb it” (Matter of Butrico v New York State Comptroller, 97 AD3d 1033, 1034 [2012]).
The remaining arguments advanced by petitioner have been examined and found to be unpersuasive.
Lahtinen, J.E, McCarthy and Egan Jr., JJ., concur. Adjudged *1439 that the determination is confirmed, without costs, and petition dismissed.

. Inasmuch as it is undisputed that petitioner had less than 10 years of state service, her eligibility for disability retirement benefits was contingent upon a determination that she was incapacitated as the result of an accident sustained in service (see Retirement and Social Security Law § 605 [b] [3]; Matter of Quevedo v Office of the N.Y. State Comptroller, 101 AD3d 1209, 1209 [2012]).

. Although petitioner maintains that the subject bin was not one of the receptacles she was required to empty as part of her cleaning duties, inasmuch as she specifically testified that she was moving the bin for purpose of cleaning the floor, not to empty it, any dispute regarding the type of bin has no relevance to the subject dispute.