*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014              518678
_____

In the Matter of JOSEPH
    MERCURIO,
                        Petitioner,

        v                              MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as
    State Comptroller,
                        Respondent.
_____

Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
         Clark, JJ.

_____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Sean
Dooley of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for accidental disability retirement benefits.

        Petitioner, a fire lieutenant, was injured in February 2011
when, while responding to a call, he stepped from the cab of the
fire engine into a three-foot snow bank and his foot caught the
sidewalk curb, twisting his knee.  Petitioner thereafter applied
for accidental disability retirement benefits and, as relevant
here, the application was denied upon a finding that the February

2011 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Ultimately, respondent upheld the denial and petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination.

The petitioner bears the burden of demonstrating that he or she is entitled to accidental disability retirement benefits by showing that the precipitating injury was caused by an incident that was "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Bennett v DiNapoli, 119 AD3d 1310, 1310 [2014] [internal quotation marks and citations omitted]). Accordingly, a decision to deny benefits must be confirmed when it is shown that the injury was the result of ordinary employment duties rather than the occurrence of an unexpected event (see Matter of Lundquist v DiNapoli, 106 AD3d 1439, 1439 [2013]; Matter of Brown v New York State & Local Retirement Sys., 106 AD3d 1437, 1438 [2013]).

Here, petitioner testified that, in the city where he worked, there is usually grass next to the sidewalk and then a curb before the street. Additionally, he related that in his capacity as a firefighter, he had been to the street where the incident occurred between 6 and 12 times and that the exact location where he stepped out of the truck was "[their] spot to pull up." Accordingly, we find that petitioner could have reasonably anticipated the hazard, even if he did not see the curb before the fall, and therefore respondent's determination is supported by substantial evidence (see Matter of Bennett v DiNapoli, 119 AD3d at 1311; Matter of Martin v Murray, 95 AD3d 1556, 1556-1557 [2012]; Matter of Tomita v DiNapoli, 66 AD3d 1071, 1072 [2009]).

Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court