Stancarone v DiNapoli (2018 NY Slip Op 02844)





Stancarone v DiNapoli


2018 NY Slip Op 02844


Decided on April 26, 2018


Appellate Division, Third Department


McCarthy, J.P., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

523755

[*1]In the Matter of JOSEPH STANCARONE, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Bartlett LLP, White Plains (Jason D. Lewis of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.


McCarthy, J.P.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, applied for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363, alleging that he was permanently incapacitated from performing his job duties as the result of a slip and fall that occurred while he was on duty. The fall occurred while petitioner was descending exterior stone stairs as he was checking the premises of a vacant home. The application
was initially denied and petitioner requested a hearing and redetermination. Following a hearing, the Hearing Officer upheld the denial, concluding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law. Respondent adopted the Hearing Officer's decision and this CPLR article 78 proceeding ensued.
Respondent has the exclusive authority to determine any applications for retirement benefits (see Retirement and Social Security Law § 74 [b]; Matter of Gorey v New York State Comptroller, 83 AD3d 1363, 1364 [2011]). As an applicant for accidental disability retirement benefits, "[p]etitioner bears the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and [respondent's] determination in that regard will be upheld if supported by substantial evidence" (Matter of Bodenmiller v [*2]DiNapoli, 157 AD3d 1120, 1121 [2018] [internal quotation marks and citations omitted]). Several decades ago, the Court of Appeals explained that, for purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982] [internal quotation marks and citation omitted]; accord Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008]). Recently, the Court of Appeals reaffirmed that standard, stating that, to establish their entitlement to accidental disability retirement benefits, petitioners must "demonstrate that their injuries were caused by sudden, unexpected events that were not risks inherent in their ordinary job duties" (Matter of Kelly v DiNapoli, 30 NY3d 674, 678 [2018]). To be deemed accidental, "an injury must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015] [internal quotation marks and citation omitted]; accord Matter of Lester v New York State Comptroller, 143 AD3d 1038, 1038 [2016]). Stated simply, to establish that injuries were due to an accident in this context, a petitioner must prove that the precipitating event was sudden, unexpected and not a risk of the work ordinarily performed (see Matter of Kelly v DiNapoli, 30 NY3d at 678, 685, 686).
We acknowledge that the standard to qualify for accidental disability retirement benefits has not always been clearly stated, with part of the confusion stemming from the use of imprecise and differing language in prior cases. Some of the phrases that have been used are overlapping or slightly different ways of saying the same thing, while others that we regularly meld together represent separate concepts. For example, this Court has stated that "[i]njuries sustained due to conditions that are readily observable and that could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not constitute accidents within the context of the Retirement and Social Security Law" (Matter of Manning v DiNapoli, 150 AD3d 1382, 1383 [2017] [internal quotation marks and citation omitted]; see Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313-1314 [2016]). That single statement contains four separate phrases — readily observable, reasonably anticipated, attributable to a misstep and attributable to inattention — allegedly addressing the standard. We will now address these various iterations of the standard in an attempt to clarify how to determine whether an injury arose out of an accident.
In its most recent pronouncement on the issue, the Court of Appeals instructed that requiring a petitioner to "demonstrate that a condition was not readily observable in order to demonstrate an 'accident' is inconsistent with [its] prior case law" (Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3). Therefore, our Court's prior cases placing such a burden upon petitioners should no longer be followed.
Although we typically link together language regarding injuries being attributable to an employee's own misstep or inattention (see e.g. Matter of Zekus v Gardner, 155 AD3d 1297, 1297 [2017]; Matter of Manning v DiNapoli, 150 AD3d at 1383), they are separate and discrete concepts. For example, if a person falls down stairs due to tripping over his or her own feet or due to misjudging the distance between steps, that is a classic misstep situation; a fall due to one's own clumsiness does not constitute an accident because there is no external precipitating accidental event (see Matter of Starnella v Bratton, 92 NY2d 836, 839 [1998] ["(a) fall down the stairs as a result of one's own misstep, without more, is not so out-of-the-ordinary or unexpected as to constitute an accidental injury as a matter of law"]; Matter of West v DiNapoli, 79 AD3d 1565, 1566 [2010]; Matter of Tomita v DiNapoli, 66 AD3d 1071, 1071-1072 [2009]; Matter of McCabe v Hevesi, 38 AD3d 1035, 1036 [2007]). A fall due to inattention may or may not be the same as a misstep. If the inattention simply led to the person misjudging the depth of a step or [*3]curb, that would be synonymous with a misstep. However, if the inattention resulted in the person failing to notice a slippery substance, which substance caused the fall, the inattention would be similar to a failure to recognize a condition that was readily observable had he or she paid proper attention. We conclude that, pursuant to the recent direction in Matter of Kelly v DiNapoli (30 NY3d at 385 n 3), where an injury is caused by the latter type of inattention, akin to a condition being readily observable, the injury may constitute an accident.
More challenging is the concept of a precipitating event being reasonably anticipated. An incident would be expected — and, thus, not an accident — if it could be reasonably anticipated because the person had direct knowledge of the hazard (see Matter of Lang v Kelly, 21 NY3d 972, 973 [2013]; Matter of Kenny v DiNapoli, 11 NY3d at 875; Matter of Suppa v DiNapoli, 101 AD3d 1348, 1349 [2012]). Similarly, an injury may be expected and, therefore, not accidental, "where the hazard presented was one that the [injured person] could have reasonably anticipated, even if he or she did not actually see it until after sustaining his or her injury" (Matter of Bleeker v New York State Comptroller, 84 AD3d 1683, 1684 [2011] [internal quotation marks, brackets and citation omitted], lv denied 17 NY3d 709 [2011]; see Matter of Martins v DiNapoli, 156 AD3d 1031, 1032 [2017]; Matter of Butrico v New York State Comptroller, 97 AD3d 1033, 1034 [2012]; Matter of Avery v McCall, 308 AD2d 677, 678 [2003]). To deny benefits on the ground that the hazard could have been reasonably anticipated, such a finding "must be supported by the record and not rest merely upon speculation" (Matter of Tierney v New York State Comptroller, 90 AD3d 1215, 1215-1216 [2011]; see Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012]; Matter of Cantone v McCall, 289 AD2d 863, 864 [2001]; compare Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1068-1069 [2013], lv denied 21 NY3d 855 [2013]; Matter of Ruggiero v DiNapoli, 85 AD3d 1282, 1283 [2011], lv denied 17 NY3d 711 [2011]; Matter of Bleeker v New York State Comptroller, 84 AD3d at 1684). In other words, for an event to be expected, the record must contain specific information from which it could be found that a person in the petitioner's position and location could or should have reasonably anticipated the hazard (see Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d at 1068-1069; Matter of Butrico v New York State Comptroller, 97 AD3d at 1034). On the other hand, a blanket argument — such as "that sometimes slippery surfaces exist in public roadways" — is, alone, not enough to support a conclusion that the petitioner should have expected or reasonably anticipated the spot on which he or she slipped (Matter of Sammon v DiNapoli, 97 AD3d at 953; see Matter of Tierney v New York State Comptroller, 90 AD3d at 1215-1216).
In sum, the controlling standard for determining whether an injury was caused by an accident for purposes of the Retirement and Social Security Law remains whether the precipitating event was sudden, unexpected and not a risk of the work ordinarily performed (see Matter of Kelly v DiNapoli, 30 NY3d at 678, 685, 686). In considering whether a particular petitioner has met that standard, courts should not rely on whether a condition was readily observable. Denial of benefits continues to be appropriate where the injury was caused by the employee's misstep. Whether the employee's inattention caused an accidental injury depends on the circumstances — i.e., was it essentially a misstep, without more, or was it based on the failure to notice something that was readily observable — and presents a factual issue. Similarly, when determining whether a precipitating event was unexpected, respondent and courts may continue to consider whether the injured person had direct knowledge of the hazard prior to the incident or whether the hazard could have been reasonably anticipated, so long as such a factual finding is based upon substantial evidence in the record.
Turning to the facts of this case, petitioner testified that he and another officer were conducting a routine check of the vacant property for possible trespassers, a property that he had checked on numerous occasions. While checking the exterior, which was illuminated, he slipped and fell as he descended a stone staircase and, after the fall, he observed what "appeared to be a mossy substance, almost slimy or icy," on the stairs and noted that his pants and right side were wet. He admitted that he had not stopped and looked at the stairs prior to walking down them. Two days earlier, petitioner had used the same staircase without incident, and he indicated that it had not snowed or rained in the interim.
Based on this record, respondent determined [FN1] that, "in addition to his testimony, the documentary evidence shows that [petitioner] slipped on a wet surface thus contradicting his testimony." Respondent also found that petitioner's testimony in relation to the incident was "not credible" and that the fall "could have been avoided if [petitioner] had looked before he stepped down the stairs." Under these circumstances, we cannot determine whether respondent relied on the proper standard or whether substantial evidence supports his determination that petitioner's fall did not qualify as an accident. "The assessment of petitioner's sworn testimony, as well as the evaluation of any apparent inconsistency between such testimony and the written documentation, presented credibility issues for the Hearing Officer and, ultimately, [respondent] to resolve" (Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d at 1069 [internal quotation marks and citations omitted]). Although the portion of the decision purportedly containing findings of fact recited, among other things, petitioner's testimony, respondent thereafter specifically found petitioner's testimony not credible. The decision does not, however, explain what portions of his testimony were found to be incredible and, therefore, not accepted. Indeed, the confusing findings state that petitioner's testimony was, at least in part, self-contradictory, leaving it unclear what portion, if any, of petitioner's testimony was relied upon. Inasmuch as petitioner was the only witness at the hearing, and we cannot ascertain from respondent's decision what portion of the testimony was deemed credible, we cannot discern the facts upon which respondent relied to make his decision. Accordingly, we remit for respondent to render a decision, based on the current record, that clearly explains his credibility determinations, factual findings and legal conclusions applying the standard as set forth above.
Devine, Clark and Pritzker, JJ., concur.




Lynch, J. (concurring in part and dissenting in part).


I respectfully dissent, in part. Pursuant to Retirement and Social Security Law § 363 (a) (1), a police officer qualifies for an accidental disability retirement allowance when incapacitated due to "an accident not caused by [the officer's] own wilful negligence sustained in such service." In Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II (57 NY2d 1010 [1982]), the Court of Appeals adopted a "commonsense definition" of an "accident" as a "sudden, fortuitous mischance, unexpected, out of the ordinary and injurious in impact" (id. at 1012 [internal quotation marks and citation omitted]). As the Court of Appeals recently reiterated in Matter of Kelly v DiNapoli (30 NY3d 674 [2018]), that definition remains intact (id. at 683-684). Here, respondent found that, at the time of the incident, petitioner was on [*4]a routine assignment checking a vacant home. It was approximately 1:15 a.m., the lighting conditions were good due to exterior lighting and petitioner held a flashlight. Petitioner slipped and fell backwards walking down a set of five stone steps. After falling, he observed what "appeared to be a mossy substance, almost slimy or icy." Two days earlier, petitioner used the same staircase without incident, and he indicated that it had not snowed or rained in the interim. He also noted that his pants and right side were wet after his fall.
Based on these findings, respondent determined that petitioner's testimony and the documentary evidence showed that petitioner "slipped on a wet surface" and the fall "could have been avoided if [petitioner] had looked before he stepped down the stairs."[FN1] This is tantamount to concluding that the slippery conditions could have been readily observed had petitioner simply looked before proceeding down the stairs — which, as the majority explains, is not the governing standard (see Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3).
In Matter of Starnella v Bratton (92 NY2d 836 [1998]), the Court of Appeals explained that "[a] fall down the stairs as a result of one's own misstep, without more, is not so out-of-the- ordinary or unexpected as to constitute an accidental injury as a matter of law" (id. at 839 [emphasis added]). The "without more" here is the mossy, slippery substance on the stairs. Notably, respondent did not find that petitioner fell due to a simple misstep but, rather, found that he "slipped on a wet surface." In my view, petitioner's fall comes within the common sense definition of an accident articulated in Lichtenstein, comparable to the injuries found to be accidental in Matter of McCambridge v McGuire (62 NY2d 563 [1984]). In McCambridge, the Court of Appeals held that the petitioners had each sustained an accidental injury: one lost his balance and fell getting up from a desk, when the officer on whom the petitioner was leaning suddenly moved away, and the other slipped and fell on wet pavement getting into a patrol car on a rainy day (id. at 567-568, revg 94 AD2d 623 [1983]). The critical factor in each incident was "a precipitating accidental event — in one case the loss of balance and fall to the floor; in the other, the slip on the wet pavement and fall which was not a risk of the work performed" (id. at 567). By comparison, the slip on the mossy stair was the precipitating event that was no more a risk of the work performed than the wet pavement in McCambridge. Not to be overlooked is the second incident addressed in Starnella, where the petitioner was found to have been accidentally injured when he slipped on a pool of water in a bathroom (Matter of Starnella v Bratton, 92 NY2d at 838). Certainly, had he looked, that petitioner would have seen the pool of water on the floor.
The majority has carefully and comprehensively reviewed the standard that governs an application for accidental disability retirement benefits which, for the most part, I embrace. After [*5]Matter of Kelly v DiNapoli (supra), however, I am not convinced that the "reasonably anticipated" standard remains sustainable (compare Matter of Kenny v DiNapoli, 11 NY3d 873, 874-875 [2008] [police officer who slipped and fell on a ramp he knew was wet did not sustain an accidental injury]). In Kelly, the Court of Appeals instructed that requiring a petitioner to "demonstrate that a condition was not readily observable in order to demonstrate an 'accident' [was] inconsistent with [its] prior case law" (Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3). Conceptually, requiring a petitioner to demonstrate that a condition could not be "reasonably anticipated" also seems to be inconsistent with prior Court of Appeals precedent. It appears that the core premise of Kelly is that when the precipitating event is a risk of the work performed — as when a police officer is injured responding to a life-threatening emergency and a firefighter is exposed to toxic fumes when responding to an emergency medical call — that event cannot be characterized as unexpected for purposes of defining an accident. That same premise does not apply where, as here, the precipitating event is not a risk of the work ordinarily performed. To validate that distinction, one need only look to McCambridge, where the petitioner slipped on wet pavement getting into a patrol car, or Starnella, where the petitioner slipped on a pool of water in a bathroom — conditions one can readily conclude could have been "reasonably anticipated" by each petitioner, but were not a risk of the work performed (see Matter of Starnella v Bratton, 92 NY2d at 838-839; Matter of McCambridge v McGuire, 62 NY2d at 567). Moreover, our "[r]eview is limited to a consideration of the statement of the factual basis for the determination and whether, in light of the agency's own standards, the findings, supported by substantial evidence, sustained the conclusions" (Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914 [1977]). Because respondent did not expressly consider whether petitioner should have reasonably anticipated that the stairs would be slippery, we are unable to confirm the determination on that basis (see Matter of Kelly v DiNapoli, 30 NY3d at 685 n 3).
In my view, the lesson of Kelly is to continue applying the commonsense definition of accident articulated in Lichtenstein. Under that standard, a fall on slippery stairs, under the factual conditions described by petitioner and adopted by respondent, constitutes an accident. As such, respondent's determination should be annulled as unsupported by substantial evidence in the record and the matter remitted to respondent for further proceedings on the application.
ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The findings were rendered by the Hearing Officer, and respondent adopted all of his findings without any additions or modifications.

Footnote 1: The majority correctly points out an anomaly in respondent's determination insofar as respondent found, without explanation, that petitioner's testimony was "not credible" and contrary to the documentary evidence. And yet, on the pivotal factual finding, respondent determined that petitioner "slipped on a wet surface" — a finding consistent with petitioner's testimony and the documentary evidence. Respondent also made "Findings of Fact" mirroring petitioner's testimony that he slipped on what "appeared to be a mossy substance, almost slimy or icy." As such, I do not believe that remittal for clarification is necessary.