■ In the Matter of CARMEN LANDESTOY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. [615 NYS2d 491] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a mental hygiene therapy aide, injured her back while working with a client at a group home for the mentally retarded. In denying petitioner's application for accidental disability retirement benefits, respondent concluded that petitioner's injury resulted from expected strain in the ordinary course of her duties and, therefore, did not constitute an accident within the meaning of Retirement and Social Security Law § 63.

At the hearing, petitioner testified that the injury occurred when the client suddenly and unexpectedly lunged at her and grabbed onto her, causing both to fall to the floor. In petitioner's signed application for benefits, however, the injury is described as having occurred while petitioner was lifting a client who had fallen down. Respondent credited the latter version of the incident and concluded that the injury was sustained as the result of the performance of work duties. There is no basis for disturbing respondent's decision to credit the version of the incident contained in petitioner's application rather than the version given by petitioner at the hearing *(see, Matter of Edwards v New York State & Local Employees' Retirement Sys.,* 165 AD2d 972, *lv denied* 77 NY2d 802; *Matter of Odierno v Regan,* 135 AD2d 898). Respondent also correctly concluded that an injury sustained while performing routine duties but not resulting from unexpected events is not the result of an accident *(see, supra).* There is nothing irrational in respondent's conclusion that petitioner's physical exertion in assisting a client who had fallen constituted expected strain in the ordinary performance of her duties, which included physical contact with the clients *(see, Matter of Pugliese v New York State & Local Empls. Retirement Sys.,* 161 AD2d 1095).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.