In the Matter of PAUL A. STYMILOSKI, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [881 NYS2d 677]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer employed by the Village of Ossining

in Westchester County, was engaged in a routine patrol at 6:00 A.M. on December 20, 2005 when he observed that a vehicle parked near the entrance of a 24-hour pharmacy was on fire. He made a radio call for assistance from the local fire department and, following a brief attempt to extinguish the fire himself, entered the store to locate the car's owner. Trying to minimize the likelihood that the fire would spread to the building, he and the owner subsequently pushed the automobile away from the store's entrance. After fire department personnel arrived and the fire was fully extinguished, petitioner and two firefighters—at the direction of the fire chief who feared that the fire might reignite—began pushing the vehicle even farther away from the building. While doing so, petitioner slipped and fell on ice that had formed as a result of the fire department's use of water to put out the fire. As a result of his fall, petitioner sustained an injury to his left shoulder and filed applications for accidental disability and performance of duty disability retirement benefits. Although petitioner was awarded performance of duty disability retirement benefits, his application for accidental disability retirement benefits was denied. Petitioner's request for a redetermination was granted and, after a hearing, a Hearing Officer concluded that he did not sustain an accident within the meaning of Retirement and Social Security Law § 363. Respondent adopted the Hearing Officer's findings, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. A petitioner bears the burden of proving entitlement to accidental disability retirement benefits and respondent's determination will be upheld if it is supported by substantial evidence (*see Matter of Hughes v Hevesi*, 56 AD3d 934, 935 [2008], *lv denied* 12 NY3d 711 [2009]). Moreover, "when a petitioner sustains an injury in the course of performing ordinary employment duties, considering the particular employment in question, it is not an accidental injury" (*Matter of Baron v DiNapoli*, 57 AD3d 1202, 1203 [2008]). Here, petitioner informed the Hearing Officer that both moving the car and following the direction of a fire chief at the scene of a fire were within the realm of his normal responsibilities as a police officer. He also testified that when the incident occurred it was approximately 19 degrees outside and he witnessed the fire department douse the fire with water. Under such circumstances, we perceive no basis to disturb respondent's conclusion that petitioner's injury resulted "from an expected or foreseeable event arising during the performance of routine employment duties," which does not merit an award of benefits based upon this provision (*Matter of O'Brien v Hevesi*, 12 AD3d 895, 896 [2004], *lv dismissed* 5 NY3d 749 [2005]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.