■ In the Matter of PHILIP MAGLIATO, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [912 NYS2d 143]—

---

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, submitted an application for accidental disability retirement benefits based upon injuries he allegedly suffered in 2004 and 2005. The application was initially denied and petitioner requested a rehearing and redetermination, limiting his application to the 2004 incident. Thereafter, a Hearing Officer determined that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law, and denied the application. Respondent accepted this determination, and this CPLR article 78 proceeding ensued.

We confirm. "The petitioner bears the burden of proving that an injury was accidental and [respondent's] determination in this regard will be upheld if supported by substantial evidence" (*Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008] [citations omitted]). Moreover, "[a]n accident within the meaning of the Retirement and Social Security Law is a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Santorsola v McCall*, 302 AD2d 727, 728 [2003]). Accordingly, "injuries that arise out of an employee's own misstep or inattention will not merit an accidental disability determination" (*Matter of Magrino v DiNapoli*, 64 AD3d 868, 869 [2009]). Here, petitioner testified that he was conducting a search inside a parked truck and failed to notice that the floorboard was warped, causing him to trip on the tailgate and fall to the pavement below. Given this evidence that petitioner's injury was the result of his own inattention and misstep, and not an extraordinary event unrelated to the risks of his employment as a police officer, respondent's determination is supported by substantial evidence and will not be disturbed (*see Matter of McCabe v Hevesi*, 38 AD3d 1035, 1036 [2007]; *Matter of Lassen v Hevesi*, 9 AD3d 780, 781 [2004]).

Peters, Rose, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.