■ In the Matter of RICHARD J. CIRRONE, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [914 NYS2d 792]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

While working for a municipality in 2005, petitioner was purportedly injured when he fell from a chair he was standing on in order to clean and turn on an air conditioner. His application for disability retirement benefits was denied on the ground that he had failed to demonstrate that his disability arose out of an accident as defined in the Retirement and Social Security Law. Petitioner requested a hearing and redetermination, following which a Hearing Officer denied his application for the same reason. Respondent Comptroller adopted those findings and this CPLR article 78 proceeding ensued.

We confirm. Petitioner had less than 10 years of service at the time of his disability retirement application and, as such, "he bore the burden of demonstrating that he was disabled 'as the natural and proximate result of an accident not caused by his own willful negligence sustained in the performance of his duties' " (*Matter of Cornacchio v DiNapoli*, 68 AD3d 1520, 1521 [2009], *lv denied* 14 NY3d 707 [2010], quoting Retirement and Social Security Law § 605 [b] [3]). Within the realm of disability retirement benefits, an accident is "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (*Matter of Kenny v DiNapoli*, 11 NY3d 873, 874 [2008] [internal quotation marks omitted]; *see Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]). Accordingly, an injury is not accidental in nature if it occurs as the result of an applicant's routine employment duties and does not involve an unexpected event (*see Matter of Kenny v DiNapoli*, 11 NY3d at 874; *Matter of Batista v New York State Comptroller*, 56 AD3d 927, 928 [2008], *lv denied* 12 NY3d 708 [2009]). Petitioner testified here that his work duties included cleaning the air conditioner and turning it on. He further stated that he routinely stood on the same chair to do so and that he fell after tripping on its seat cushion. Inasmuch as petitioner admitted that the chair was in good condition and pointed to nothing beyond his own misstep as the cause of his fall, substantial evidence supports the Comptroller's determination that the 2005 incident did not constitute an accident (*see Matter of Batista v New York State Comptroller*, 56 AD3d at 928-929; *Matter of Kalis v McCall*, 257 AD2d 838, 839 [1999]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.