■ In the Matter of GAYLE A. HARDY, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [919 NYS2d 558]—

Egan Jr., J.

Petitioner, a police detective, was injured in January 2000 when, after retrieving case notes and other paperwork from her vehicle, she slipped and fell in the parking lot at her place of employment. In November 2007, petitioner filed an application for accidental disability retirement benefits alleging that she was disabled as the result of this incident.* That application was denied upon the ground that the incident did not constitute an accident within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, a Hearing Officer reached the same conclusion. Respondent Comptroller upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

We confirm. As the applicant, petitioner bore the burden of demonstrating her entitlement to accidental disability retirement benefits, and the Comptroller's determination will be upheld if supported by substantial evidence (see Matter of Carducci v DiNapoli, 77 AD3d 1052, 1052 [2010]; Matter of Stymiloski v DiNapoli, 64 AD3d 865, 866 [2009]). "The case law makes clear that an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (Matter of Campbell v DiNapoli, 56 AD3d 940, 941 [2008] [internal quotation marks and citations omitted]; see Matter of Carducci v DiNapoli, 77 AD3d at 1053), or where the employee's injuries arise out of his or her own misstep or inattention (see Matter of Magliato v DiNapoli, 78 AD3d 1457, 1458 [2010]; Matter of Napoli v DiNapoli, 68 AD3d 1616, 1616 [2009]).

Here, petitioner testified that, on the day in question, she traversed the area where her fall occurred four times without incident—once within 30 to 60 minutes of her fall—and that

---

* Petitioner also filed an application for performance of duty disability retirement benefits, which was approved.

she did not observe any ice in that area, nor did she detect anything slippery beneath her feet. Petitioner also testified, however, that there was snow on the surface of the lot where she fell, that snow had been plowed against the adjacent building and that she was parked "right next to the building." Further, a contemporaneous incident report completed by a fellow detective indicated that petitioner "slipped on the ice and snow while walking between the cars in the upper parking lot," and petitioner's own written statement, submitted four years later in the context of her performance of duty disability application, stated that she "slipped and fell on the icy pavement." The assessment of petitioner's sworn testimony, as well as the evaluation of any apparent inconsistency between such testimony and the written documentation, presented credibility issues for the Hearing Officer and, ultimately, the Comptroller to resolve (see Matter of Confreda v New York State Comptroller, 56 AD3d 938, 940 [2008], lv denied 12 NY3d 708 [2009]; Matter of Sinclair v New York State & Local Retirement Sys., 42 AD3d 595, 596 [2007]; Matter of Forlano v McCall, 304 AD2d 970, 971 [2003]). As there is ample evidence upon which the Comptroller could conclude that petitioner did not sustain an accidental injury, the determination is supported by substantial evidence and will not be disturbed (see Matter of Confreda v New York State Comptroller, 56 AD3d at 939-940).

Mercure, J.P., Rose and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

