■ In the Matter of ROBERT K. O'NEILL, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [920 NYS2d 837]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner served as a police officer for the City of Yonkers in Westchester County and sustained injuries as the result of two job-related incidents. In February 2003, while walking through a neighborhood making sex offender notifications, he slipped on an ice patch and fell, injuring his shoulder. In March 2007, while walking down a plastic-covered cardboard ramp, he slipped and landed in an awkward position, allegedly causing the retina in his right eye to detach, leading to lost vision. Based upon these injuries, petitioner filed applications for accidental and performance of duty disability retirement benefits; only the latter was approved. Petitioner thereafter requested a hearing and redetermination with regard to his application for accidental disability benefits and, ultimately, respondent denied the application. Petitioner, thereafter, commenced this CPLR article 78 proceeding.

In seeking accidental disability benefits, petitioner bears the burden of establishing that his injuries were the result of an accident, and respondent's determination will not be disturbed if supported by substantial evidence (see *Matter of Magliato v DiNapoli*, 78 AD3d 1457, 1458 [2010]; *Matter of Stymiloski v DiNapoli*, 64 AD3d 865, 866 [2009]). An accident in this context is "a sudden and extraordinary event that is unrelated to the ordinary risks of employment" (*Matter of Carducci v DiNapoli*,

77 AD3d 1052, 1052-1053 [2010] [internal quotation marks and citation omitted]; *see Matter of Magliato v DiNapoli*, 78 AD3d at 1458). Here, with regard to the February 2003 incident, petitioner testified that it was a cold day and that the sidewalk was covered with snow, including an 18-inch snow bank that petitioner stepped over just prior to his fall. Under the circumstances, respondent's determination that slipping on ice did not constitute a sudden and extraordinary event is supported by substantial evidence (*see Matter of Allesandro v DiNapoli*, 68 AD3d 1592, 1594 [2009], *lv denied* 14 NY3d 705 [2010]; *Matter of Stymiloski v DiNapoli*, 64 AD3d at 866).

However, we arrive at a different conclusion with regard to the March 2007 incident. Petitioner testified that he was carrying a box of binders and paperwork from the second floor to the first floor when the ramp he was walking down suddenly shifted, without warning, causing him to land awkwardly and jolt his neck. Further, he stated that he had made at least a dozen trips over the ramp throughout the course of the day, without any way to avoid it, and that it had been sturdy and there was no indication that it might shift. Based upon these uncontroverted facts, we find the record does not support respondent's determination that the injury was caused solely by petitioner's misstep, rather than by the sudden shifting of the ramp (*see Matter of Balduzzi v McCall*, 220 AD2d 796, 797 [1995]; *compare Matter of Grutzner v Murray*, 68 AD3d 1231, 1232 [2009]; *Matter of Batista v New York State Comptroller*, 56 AD3d 927, 928 [2008], *lv denied* 12 NY3d 708 [2009]).

Peters, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.