■ In the Matter of JOSEPHINE LITTLE, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [924 NYS2d 632]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying

petitioner's application for accidental disability retirement benefits.

Petitioner, a social worker, applied for accidental disability retirement benefits alleging that she sustained various disabling injuries in September 2004, November 2004 and January 2005. Her application was denied upon the ground that the cited incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 63. Following a hearing and redetermination, a Hearing Officer reached a similar conclusion. Respondent thereafter upheld the denial of petitioner's application, prompting petitioner to commence this CPLR article 78 proceeding to challenge that determination.

We confirm. "As the applicant, petitioner bore the burden of demonstrating [her] entitlement to accidental disability retirement benefits, and [respondent's] determination, if supported by substantial evidence in the record as a whole, will be upheld" (*Matter of Walsh v New York State & Local Retirement Sys.*, 82 AD3d 1341, 1341 [2011]; *see Matter of Grutzner v Murray*, 68 AD3d 1231, 1232 [2009]). Notably, "[a]n incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of Campbell v DiNapoli*, 56 AD3d 940, 941 [2008] [internal quotation marks and citations omitted]; *see Matter of Cirrone v DiNapoli*, 80 AD3d 1069, 1070 [2011]).

Both the September 2004 and January 2005 incidents involved injuries allegedly sustained to petitioner's right wrist and hand when she attempted to pass through a heavy metal door located on the second floor of her place of employment. While rushing to respond to a patient crisis during the 2004 incident, petitioner grabbed the door knob in question and attempted to pull open the door. The door eventually opened, but not before the knob spun freely in petitioner's hand, purportedly twisting her right wrist and hand. As for the 2005 incident, after reporting to work on the second floor, petitioner attempted to pass through the same door to access her office on the fourth floor. As she simultaneously pressed down on the now lever-style handle and pushed on the door, the door jammed, again allegedly causing injury to petitioner's right hand and wrist.

Although the record indeed reflects that the door handle was replaced at some point between the 2004 and 2005 incidents, we agree with the Hearing Officer and respondent that petitioner failed to establish that either the door or the handle itself was defective. As petitioner utilized this access door on a daily basis,

and in light of the tasks she was performing at the time of her respective injuries, respondent's determination that petitioner's injuries resulted from risks inherent in her routine employment duties is supported by substantial evidence (see *Matter of Sinclair v New York State & Local Retirement Sys.*, 42 AD3d 595, 596 [2007]; *Matter of Lucian v McCall*, 7 AD3d 905, 906 [2004]; *Matter of Pommerville v McCall*, 6 AD3d 1025, 1026 [2004]; *Matter of Tuper v McCall*, 259 AD2d 941, 942 [1999]; *see also Matter of Sorrentino v DiNapoli*, 74 AD3d 1694, 1695 [2010]; *Matter of Walters v Hevesi*, 23 AD3d 982, 983 [2005]).

We reach a similar conclusion regarding the November 2004 injury, wherein petitioner allegedly injured her back while lifting large turkeys during the course of the facility's Thanksgiving celebration. Although petitioner testified that other staff members had performed the actual lifting in the past, she readily acknowledged that as the "party therapist," her employment duties included preparing and serving meals at facility events. In view of this testimony, respondent properly concluded that petitioner's back injury "emanate[d] from physical exertion occasioned in the performance of [her] regular duties" (*Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 765 [1993]) and, as such, did not result from an accident (see *Matter of Rolon v DiNapoli*, 67 AD3d 1298, 1299 [2009]; *Matter of Meeks v McCall*, 241 AD2d 748 [1997]; *Matter of Cadiz v McCall*, 236 AD2d 766 [1997]; *Matter of Lopez v McCall*, 236 AD2d 690, 691 [1997]; *Matter of Landestoy v Regan*, 207 AD2d 572 [1994]).

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.