■ In the Matter of DOROTHY ORTIZ-TULLA, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [934 NYS2d 538]—

Spain, J.

Petitioner, a psychiatrist for the South Beach Psychiatric Center, was injured in October 2004 when, while entering the building in which she worked, she stepped backwards while opening the door and fell off the raised walkway, injuring her ankle and hip. After her application for accidental disability benefits was denied, petitioner sought a hearing and redetermination. Petitioner's application was thereafter denied by the Hearing Officer, finding that the October 2004 incident did not constitute an accident within the meaning of Retirement and Social Security Law § 63. Respondent Comptroller upheld that decision, after which petitioner commenced this CPLR article 78 proceeding to challenge that determination.

We confirm. A petitioner bears the burden of proving entitlement to accidental disability benefits and a determination by the Comptroller in this regard will not be disturbed if supported by substantial evidence (see Matter of Little v DiNapoli, 85 AD3d 1273, 1274 [2011]; Matter of Magliato v DiNapoli, 78 AD3d 1457, 1458 [2010]). Notably, an incident does not constitute an accident where the injury results from an expected or foreseeable event that occurs during the performance of routine employment duties, such as an employee's own misstep or inattention (see Matter of Walsh v New York State & Local Retirement Sys., 82 AD3d 1341, 1341 [2011]; Matter of Magliato v DiNapoli, 78 AD3d at 1458). Here, although the walkway off of which petitioner fell had been newly paved, petitioner testified that she had noticed that it was elevated as she approached the door. Thus, the determination by the Comptroller that her injuries resulted from risks inherent in her routine employment

is supported by substantial evidence (*see Matter of Little v DiNapoli*, 85 AD3d at 1274; *Matter of Cirrone v DiNapoli*, 80 AD3d 1069, 1070 [2011]).

Mercure, J.P., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.