██ In the Matter of JOHN CAVANAUGH, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [952 NYS2d 682]—

Rose, J.

Petitioner retired from his position as a firefighter for the City of Syracuse in 2004 and, in 2007, he filed an application for World Trade Center (hereinafter WTC) accidental disability retirement benefits. Respondent ultimately denied petitioner's application, concluding that petitioner failed to establish that he was performing duties in his official capacity at the time that he was working at the WTC site following the September 11, 2001 terrorist attacks. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination.

Initially, petitioner argues that it was not his burden to establish that he was working in his official capacity as a firefighter at the time of his injury because the rebuttable presumption set forth in Retirement and Social Security Law § 363 (g) (2) (a) placed that burden upon the New York State and Local Retirement System. Respondent counters that the "in . . . service" requirement of Retirement and Social Security Law § 363 (a) (1) is a threshold determination that petitioner was required to meet. We need not reach this issue, however, because, regardless of the burden and despite evidence that petitioner was performing firefighter duties at the WTC site, there is substantial evidence that his trip there was a personal pursuit rather than part of his job as a Syracuse firefighter.

The Retirement System submitted proof that petitioner was granted a leave of absence to go to the WTC and was considered to be on vacation during the time he was there. Moreover, petitioner testified that he was not working when the attacks occurred and he went to the WTC the next day at the invitation of a friend who owned a private ambulance service. Although petitioner requested and received approval from the fire chief to go and took his firefighting gear with him, substantial evidence supports the finding that petitioner was engaged in a personal activity and not performing or discharging his official duties as a Syracuse firefighter while at the WTC site (*see Matter of Economico v New York State & Local Police & Fire Retirement Sys.*, 7 AD3d 913, 914 [2004], *lv denied* 3 NY3d 611 [2004];

*Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 793-794 [1995]; *see also Matter of McDonald v Levitt*, 67 AD2d 778, 779 [1979], *lv denied* 47 NY2d 708 [1979]).

Peters, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.