■ In the Matter of JILL A. MESSINA, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [959 NYS2d 289]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits following an incident in which she slipped on ice near the front door of the precinct and injured her left knee. The application was denied upon the ground that the incident did not constitute an "accident" within the meaning of Retirement and Social Security Law § 363. Following a hearing and redetermination, the Hearing Officer reached the same conclusion and the Comptroller upheld the decision, prompting this CPLR article 78 proceeding.

We confirm. Petitioner bore the burden of establishing that her injuries were the result of an accident, and the Comptroller's determination will be upheld if supported by substantial evidence (see Matter of Sweeney v New York State Comptroller, 86 AD3d 893, 893 [2011]; Matter of O'Neill v DiNapoli, 83 AD3d 1280, 1280 [2011]). It is well settled that "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising from the performance of routine employment duties" (Matter of O'Brien v Hevesi, 12 AD3d 895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; accord Matter of Ruggiero v DiNapoli, 85 AD3d 1282, 1283 [2011], lv denied 17 NY3d 711 [2011]).

The record contains certified copies of weather reports that indicate that freezing rain fell intermittently in the area on the night in question from approximately 9:30 p.m. until 3:00 a.m. Further, a contemporaneous incident report prepared by a fel-

---

low police officer indicates that petitioner fell "due to the inclement weather." "The assessment of petitioner's sworn testimony, as well as the evaluation of any apparent inconsistency between such testimony and the written documentation, presented credibility issues for the Hearing Officer and, ultimately, the Comptroller to resolve" (*Matter of Hardy v DiNapoli*, 82 AD3d 1490, 1491 [2011] [citation omitted]; *see Matter of Carpiniello v DiNapoli*, 88 AD3d 1045, 1046 [2011]). Inasmuch as there is substantial evidence in the record that the icy condition presented a hazard that petitioner should have reasonably anticipated given the weather conditions (*see Matter of Ruggiero v DiNapoli*, 85 AD3d at 1283; *Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1072 [2011]), it will not be disturbed.

Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.