██ In the Matter of JOHN A. CONROY, Petitioner, v KEVIN F. MURRAY, as Deputy State Comptroller, Respondent. [959 NYS2d 296]—

Rose, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police sergeant, applied for accidental disability retirement benefits alleging that he is permanently disabled due to left knee injuries he sustained in two employment-related accidents occurring on September 9, 1990 and March 15, 1993. Following a hearing, the Hearing Officer denied the application, finding that neither incident constituted an accident within the meaning of Retirement and Social Security Law § 363. The Comptroller accepted the decision of the Hearing Officer and petitioner commenced this proceeding pursuant to CPLR article 78 challenging that determination.

Initially, the Comptroller concedes, and we agree, that the September 9, 1990 incident was an accident and, therefore, the

determination will be annulled to that extent. We find, however, that the Comptroller's determination that the March 15, 1993 incident—whereby petitioner slipped and fell in the precinct parking lot—was not an accident is supported by substantial evidence in the record. Significantly, "an incident does not qualify as an accident justifying the award of accidental disability retirement benefits where the injury results from an expected or foreseeable event arising during the performance of routine employment duties" (*Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011] [internal quotation marks and citations omitted]; *see Matter of Hardy v DiNapoli*, 82 AD3d 1490, 1490 [2011]).

Here, petitioner testified that, on March 15, 1993 at approximately 3:00 p.m., he slipped on "unseen ice" while walking to his unmarked radio car in his work parking lot. He said that, although it had snowed approximately two days earlier, it was a "[f]ine, dry" and "sunny" day with no snow in the parking lot. According to petitioner, he had previously gone to his car once or twice already that day, but there had been no ice at that time and he speculated that possibly the ice came from snow melting and freezing due to a change in temperature. The Hearing Officer, noting that in the contemporaneous incident report petitioner related that he had fallen "due to the severe icy conditions," did not find petitioner's testimony credible and concluded that the incident was not an accident even if petitioner "did not actually see the hazardous condition until after [he] sustained his injury." Under these circumstances, we find no basis to disturb the determination that the March 15, 1993 incident was not an accident (*see Matter of Ruggiero v DiNapoli*, 85 AD3d at 1283; *Matter of Hardy v DiNapoli*, 82 AD3d at 1491; *Matter of O'Brien v New York State Comptroller*, 56 AD3d 937, 938 [2008], *lv denied* 12 NY3d 708 [2009]).

Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as determined that the incident of September 9, 1990 did not constitute an accident within the meaning of the Retirement and Social Security Law; petition granted to that extent and matter remitted to the Comptroller for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.