▆ In the Matter of RAYMOND SHEA, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [981 NYS2d 481]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was a police officer with the Port Authority of New York and New Jersey who began treating for depression in January 2006. In 2007, he applied for accidental disability retirement benefits alleging a psychological disability related to the attacks at the World Trade Center (hereinafter WTC) and

injuries to his left wrist suffered in 1989, 1997 and 2000.[1] Respondent New York State and Local Retirement System denied the application, finding that, although petitioner is incapacitated from the performance of his duties, none of his injuries is the result of an accident within the meaning of Retirement and Social Security Law § 363.

Petitioner requested a hearing and redetermination and, at the resultant hearing, petitioner and the Retirement System stipulated that petitioner is permanently disabled due to major depression and the condition of his left wrist. The parties also stipulated that the WTC presumption (see Retirement and Social Security Law § 363 [g] [1] [a]) is inapplicable to petitioner's claims. Following the hearing, the Hearing Officer upheld the denial of the application. Respondent Comptroller affirmed the Hearing Officer's determination and this CPLR article 78 proceeding ensued.[2]

To be eligible for accidental disability retirement benefits, petitioner's incapacitation must be "the natural and proximate result of an accident" sustained while in service (Retirement and Social Security Law § 363 [a] [1]). "In order to be considered an accident within the meaning of Retirement and Social Security Law § 363, the precipitating event must be a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Hunce v DiNapoli, 106 AD3d 1427, 1428 [2013] [internal quotation marks and citations omitted]). Here, petitioner "bore the burden of establishing that [his] injuries were the result of an accident, and the Comptroller's determination will be upheld if supported by substantial evidence" (Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1068 [2013], lv denied 21 NY3d 855 [2013]).

We initially note that petitioner concedes in his brief that the 1997 injury to his wrist did not result from an accident within the meaning of the Retirement and Social Security Law. Turning to the December 2000 wrist injury, petitioner testified that he responded to an alarm going off in a building at 4:30 a.m., it was "bitter cold" that morning and he noted in his incident report that "the area had icy patches due to freezing conditions." Petitioner was checking the doors of the building when he climbed an uncovered exterior metal stairway and slipped on some ice that had accumulated at the top of the stairs, injuring his left wrist. According to petitioner, the stairway was poorly

---

1. Petitioner subsequently withdrew his claim regarding the 1989 injury.

2. Petitioner was awarded performance of duty disability retirement benefits.

lit and, although he was carrying a lighted flashlight, he did not check the condition of the stairs, as the light was "mainly focused on the door handle, unfortunately," and he failed to see the ice. Under these circumstances, the icy condition on the stairs represented a hazard that petitioner should have reasonably anticipated in light of the observable conditions that morning, even if he did not actually see it (see *Matter of Conroy v Murray*, 102 AD3d 1074, 1075 [2013]; *Matter of Ruggiero v DiNapoli*, 85 AD3d 1282, 1283 [2011], *lv denied* 17 NY3d 711 [2011]). Accordingly, the Comptroller's determination as to petitioner's wrist injury is supported by substantial evidence.

We also find substantial evidence supporting the Comptroller's determination that petitioner's psychological disability could not be considered to have been caused by an accident because he was never assigned to the WTC site. Petitioner testified that he was on sick leave on September 11, 2001 in connection with his wrist injury but that he reported to duty that day at his usual post at Port Newark in New Jersey, approximately 20 miles from the WTC site. Beginning on September 13, 2001, while assigned to desk duty in New Jersey, he began voluntarily driving personnel between Newark International Airport and the WTC site two or three times a week. After two weeks, petitioner was returned to full duty at the New Jersey location. He testified that, for four to six months after that, he voluntarily drove individuals from New Jersey to the WTC site approximately once or twice a week, although he was never ordered by his supervisors to do so. He also testified that, at all relevant times, he was always assigned to New Jersey.

The Retirement System's Director of Disability Services testified that because petitioner was not involved in rescue and recovery operations at the WTC on September 11, 2001, the Retirement System would not consider the events of that day as an accident. The Director also testified, however, that the Retirement System does consider the events of September 11, 2001 to be an accident for individuals who were not present at the WTC on that date, but were injured while subsequently assigned to the WTC site for search, rescue and recovery operations at any time between September 11, 2001 and May 30, 2002. In his decision, the Hearing Officer concluded that petitioner had not established that the events of September 11, 2001 constituted an accident because the WTC site was never his duty assignment.

Petitioner concedes that he is not entitled to accidental disability retirement benefits as a result of any trips he took to the WTC site prior to returning to full duty. Rather, he argues that

the trips he made to the site after that time were part of his duties. While we agree that there is evidence in the record that petitioner was in service when he drove people to the WTC site, there is also substantial evidence that he did so as part of his New Jersey duty assignment and, at all relevant times, he was assigned to duty in New Jersey. There is no evidence the he was ever assigned to the WTC site. Accordingly, we find no basis to disturb the Comptroller's determination (*see generally Matter of Chilelli v DiNapoli*, 91 AD3d 1098, 1099 [2012]; *see also Matter of Cavanaugh v DiNapoli*, 99 AD3d 1154, 1154 [2012]).

Peters, P.J., Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.