*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                518284
_____

In the Matter of RICHARD D.
    DICIOCCIO,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                    Respondent.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

                    _____


        Bartlett, McDonough & Monaghan, LLP, White Plains,
(Patricia D'Alvia of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Paul
Groenwegen of counsel), for respondent.

                    _____


Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

        Petitioner, a police officer, applied for accidental disability retirement benefits alleging a permanent disability as a result of injuries sustained to his left shoulder from accidents occurring on December 3, 2007 and June 11, 2010. Following a hearing, the Hearing Officer denied the application, finding that the incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 363.

Respondent adopted the decision of the Hearing Officer, prompting petitioner to commence this CPLR article 78 proceeding.

In seeking accidental disability retirement benefits, the petitioner bears the burden of establishing that the injuries resulted from an accident, and respondent's determination will not be disturbed if it is supported by substantial evidence (see Matter of Shea v DiNapoli, 115 AD3d 1023, 1024 [2014]; Matter of O'Neill v DiNapoli, 83 AD3d 1280, 1280 [2011]). "For purposes of accidental disability retirement benefits, the underlying incident must be 'a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of regular or routine employment duties'" (Matter of Murphy v New York State Comptroller, 92 AD3d 1022, 1022 [2012] [internal quotation marks and citations omitted]). "With regard to slip and fall incidents, the question of whether an accident occurred turns on whether the condition that caused the slip could have been 'reasonably anticipated'" (Matter of Sammon v DiNapoli, 97 AD3d 952, 953 [2012], quoting Matter of Murphy v New York State Comptroller, 92 AD3d at 1023).

Here, with regard to the December 3, 2007 incident, petitioner testified that he slipped on unseen ice in an enclosed, dark alley when responding to a burglar alarm around 9:00 a.m. He acknowledged that the sky was grey, the temperature was close to freezing and some snow was on the ground. Under these circumstances, we find that petitioner could have reasonably anticipated the icy conditions such that this incident did not constitute an accident (see Matter of Shea v DiNapoli, 115 AD3d at 1024-1025; Matter of Kempkes v DiNapoli, 81 AD3d 1071, 1072 [2011]).

Nor are we persuaded that the June 11, 2010 incident constitutes an accident. Petitioner testified that his left arm was injured during a mandatory self-defense training session provided by the employer when, according to petitioner, a fellow officer became "a little overzealous" and used more strength than usual when practicing a takedown procedure on him. The record supports a finding that the manner in which petitioner was injured "was a result of a training program constituting an ordinary part of petitioner's job duties and the normal risks

arising therefrom" (<u>Matter of Felix v New York State Comptroller</u>, 28 AD3d 993, 994 [2006]; <u>see</u> <u>Matter of Hulse v DiNapoli</u>, 70 AD3d 1235, 1236 [2010]).  Inasmuch as substantial evidence supports the determination that petitioner's injuries were not the result of an accident, it will not be disturbed (<u>see</u> <u>Matter of Shea v DiNapoli</u>, 115 AD3d at 1024; <u>Matter of Quartucio v DiNapoli</u>, 110 AD3d 1336, 1336 [2013]).

Lahtinen, J.P., McCarthy, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court