*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    520374
_____

In the Matter of JAMES C.
    BEGLEY,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as New York
    State Comptroller, et al.,
                    Respondents.
_____

Calendar Date:  September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

        Kevin P. Sheerin, Mineola, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.

_____

Garry, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for enhanced disability retirement benefits.

        Petitioner worked as an ordinance enforcement officer with the Department of Public Safety for the Town of Huntington in Suffolk County.  On the morning of February 2, 2011, after arriving at the parking lot at work, he exited his vehicle and slipped on ice causing him to sustain injuries to his legs, knees and back.  As a result of this incident, petitioner applied for disability retirement benefits under Retirement and Social

Security Law article 15.  As part of his application, he sought
enhanced benefits on the basis that the incident constituted an
accident within the meaning of Retirement and Social Security Law
§ 605.[1]  His application for enhanced benefits was denied and he
requested a hearing.[2]  Petitioner elected to proceed pro se at
the hearing and, at its conclusion, the Hearing Officer upheld
the denial.  Thereafter, respondent Comptroller issued a
determination agreeing with the result reached by the Hearing
Officer and finding that petitioner had "failed to meet his
burden of proof that his injury resulted from an accident
sustained in service."  This CPLR article 78 proceeding ensued.

    We confirm.  As defined for purposes of the Retirement and
Social Security Law, an unexpected and unfortunate incident does
not constitute an accident, so as to support an award of
benefits, "where the injury results from an expected or
foreseeable event arising during the performance of routine
employment duties'" (Matter of Lundquist v DiNapoli, 106 AD3d
1439, 1439 [2013], quoting Matter of O'Brien v Hevesi, 12 AD3d
895, 896 [2004], lv dismissed 5 NY3d 749 [2005]; see Matter of
Scofield v DiNapoli, 125 AD3d 1086, 1086 [2015]).  Significantly,
the burden is on the party seeking benefits to establish that the
incident causing his or her injury was an accident (see Matter of
Lundquist v DiNapoli, 106 AD3d at 1439; Matter of Smith v New
York State & Local Retirement Sys., 103 AD3d 966, 966-967
[2013]).

    Here, petitioner testified that the night before the
incident there was an ice storm, and he left for work early the
following morning to allow him time to navigate the icy road
conditions.  He stated that he spoke to his supervisor while en
route and arrived in the parking lot about 10 minutes prior to
his regularly scheduled shift.  As he exited his vehicle, he took

_____

    [1]  Such benefits are authorized by 2 NYCRR part 368 and the
Older Workers' Benefit Protection Act (see 29 USC §§ 621-634
[1990], Pub L 101-433, 104 US Stat 978).

    [2]  That part of petitioner's application seeking ordinary
disability retirement benefits was granted.

a few steps and then slipped and fell in the parking lot. While he was on the ground, he saw that he was lying on ice, and water was running down the middle. Based upon petitioner's testimony describing the occurrence and his awareness of the hazardous conditions created by the ice storm, he should have reasonably anticipated that the parking lot would be slippery when he exited his vehicle. Accordingly, as the precipitating event was entirely foreseeable, substantial evidence supports the Comptroller's finding that the incident did not constitute an accident within the meaning of the Retirement and Social Security Law and, thus, that petitioner was not entitled to enhanced benefits (see e.g. Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Lundquist v DiNapoli, 106 AD3d at 1439-1440 [2013]; Matter of Messina v New York State & Local Employees' Retirement Sys., 102 AD3d 1068, 1068-1069 [2013], lv denied 21 NY3d 855 [2013]; Matter of Ruggiero v DiNapoli, 85 AD3d 1282, 1283 [2011], lv denied 17 NY3d 711 [2011]).

Petitioner's claim that he was disadvantaged by the absence of counsel is unavailing. The Hearing Officer provided him with an opportunity to secure representation, but he declined to do so despite knowing the potentially adverse consequences (see generally Matter of Slayton v New York State & Local Retirement Sys., 288 AD2d 509, 509-510 [2001]). Likewise, contrary to petitioner's claim, the Hearing Officer bore no responsibility to develop the record on petitioner's behalf.

Peters, P.J., McCarthy and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court