## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: November 17, 2016        522970

————————————————————

In the Matter of CLAUDINE T.
   ROSENBERGEN,
                Petitioner,

       v                        MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
                Respondent.

————————————————————

Calendar Date: October 21, 2016

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

Bartlett, McDonough & Monaghan, LLP, White Plains (Erin O'Connor of counsel), for petitioner.

Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.

_____

McCarthy, J.P.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, applied for accidental disability retirement benefits following a December 12, 2010 slip and fall. The fall occurred on the street after petitioner exited a residence where she had been called to respond to a domestic incident. Following a hearing, a Hearing Officer denied the application on the ground that the incident did not constitute an accident within the meaning of Retirement and

Social Security Law § 363. Respondent adopted the Hearing Officer's findings and conclusions, and petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. For purposes of the Retirement and Social Security Law, an accident is defined as "a sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact" (Matter of Kenny v DiNapoli, 11 NY3d 873, 874 [2008] [internal quotation marks and citation omitted]). As the party seeking benefits, petitioner had the burden of establishing that the injury-producing event was accidental and, "to be deemed accidental, an injury must not have been the result of activities undertaken in the ordinary course of one's job duties but, rather, must be due to a precipitating accidental event which is not a risk of the work performed" (Matter of Schoales v DiNapoli, 132 AD3d 1184, 1185 [2015] [internal quotation marks and citation omitted]; see Matter of Scofield v DiNapoli, 125 AD3d 1086, 1086 [2015]). Importantly, "injuries incurred due to conditions that are readily observable and could be reasonably anticipated, or attributable to an employee's own misstep or inattention, do not constitute accidents" (Matter of Lamb v DiNapoli, 139 AD3d 1312, 1313 [2016]).

Petitioner testified that, prior to responding to this 2:30 a.m. police call, she had notified headquarters that the roads were icy and "treacherous." While en route, she observed freezing rain and that the roads were "icing up" and were "very bad," and noted that they were icy when she arrived. At the residence, the driveway was icy. When she left about an hour later, it was no longer raining and she walked down the driveway without difficulty but fell on unseen ice at the bottom of the driveway as she stepped into the street. Petitioner also testified that it was part of her duties to respond to calls in icy and rainy conditions. Under these circumstances, substantial evidence supports respondent's determination that petitioner's fall was not an accident, as it occurred while she was performing the routine duties of her employment, and that the precipitating event, the condition of the road in subfreezing conditions, could have reasonably been anticipated (see Matter of Begley v DiNapoli, 132 AD3d 1050, 1051 [2015]; Matter of Dicioccio v DiNapoli, 124 AD3d 1170, 1171 [2015]; Matter of Shea v DiNapoli,

115 AD3d 1023, 1024-1025 [2014]).

Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court